UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ALEXIS LOPEZ,<br><br>        Plaintiff,<br>   v.<br><br>CAMDEN COUNTY CORRECTIONAL FACILITY,<br><br>        Defendant. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 16-cv-08332 (JBS-AMD)<br><br>**OPINION** |

APPEARANCES:

Alexis Lopez, Plaintiff Pro Se
161 Boyd Street
Camden, NJ 08105

**SIMANDLE, Chief District Judge:**

    1.    Plaintiff Alexis Lopez seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 against the Camden County Correctional Facility ("CCCF"). Complaint, Docket Entry 1.

    2.    Section 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis*. The Court must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

3. For the reasons set forth below, the Court will dismiss the complaint without prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

4. To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

5. Plaintiff brings this action pursuant to 42 U.S.C. § 1983[1] for alleged violations of Plaintiff's constitutional rights. In order to set forth a *prima facie* case under § 1983, a

---

[1] Section 1983 provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ." 42 U.S.C. § 1983.

plaintiff must show: "(1) a person deprived [her] of a federal right; and (2) the person who deprived [her] of that right acted under color of state or territorial law." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995) (citing *Gomez v. Toledo,* 446 U.S. 635, 640 (1980)).

6. Generally, for purposes of actions under § 1983, "[t]he term 'persons' includes local and state officers acting under color of state law." *Carver v. Foerster*, 102 F.3d 96, 99 (3d Cir. 1996) (citing *Hafer v. Melo,* 502 U.S. 21 (1991)).[2] To say that a person was "acting under color of state law" means that the defendant in a § 1983 action "exercised power [that the defendant] possessed by virtue of state law and made possible only because the wrongdoer [was] clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (citation omitted). Generally, then, "a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." *Id.* at 50.

7. Because Plaintiff has not sufficiently alleged that a "person" deprived her of a federal right, the complaint does not

---

[2] "Person" is not strictly limited to individuals who are state and local government employees, however. For example, municipalities and other local government units, such as counties, also are considered "persons" for purposes of § 1983. *See Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978).

3

meet the standards necessary to set forth a *prima facie* case under § 1983. Plaintiff seeks equitable relief from CCCF for allegedly unconstitutional conditions of confinement. The CCCF, however, is not a "person" within the meaning of § 1983; therefore, the claims against it must be dismissed with prejudice. *See Crawford v. McMillian*, 660 F. App'x 113, 116 (3d Cir. 2016) ("[T]he prison is not an entity subject to suit under 42 U.S.C. § 1983.") (citing *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)). Because the claims against the CCCF must be dismissed with prejudice, the claims may not proceed and Plaintiff may not name the CCCF as a defendant.

8. Plaintiff may be able to amend the complaint to name a person or persons who were personally involved in the alleged unconstitutional conditions of confinement, however. To that end, the Court shall grant Plaintiff leave to amend the complaint within 30 days of the date of this order.

9. Plaintiff is advised that the amended complaint must plead sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915. The complaint states: "Slept on the floor, food was not edible, the medical assistance was not up to par. – Living condition was not up to par." Complaint § III. Even accepting the statement as true for screening purposes

only, there is not enough factual support for the Court to infer a constitutional violation has occurred.

10. Plaintiff alleges that she slept on the floor, presumably because no open beds were available. The mere fact that an individual is lodged temporarily in a cell with more persons than its intended design does not rise to the level of a constitutional violation. *See Rhodes v. Chapman*, 452 U.S. 337, 348–50 (1981) (holding double-celling by itself did not violate Eighth Amendment); *Carson v. Mulvihill*, 488 F. App'x 554, 560 (3d Cir. 2012) ("[M]ere double-bunking does not constitute punishment, because there is no 'one man, one cell principle lurking in the Due Process Clause of the Fifth Amendment.'" (quoting *Bell v. Wolfish*, 441 U.S. 520, 542 (1979))). More is needed to demonstrate that such crowded conditions, for a pretrial detainee, shocks the conscience and thus violates due process rights. *See Hubbard v. Taylor*, 538 F.3d 229, 233 (3d Cir. 2008) (noting due process analysis requires courts to consider whether the totality of the conditions "cause[s] inmates to endure such genuine privations and hardship over an extended period of time, that the adverse conditions become excessive in relation to the purposes assigned to them."). Some relevant factors are the dates and length of the confinement(s), whether Plaintiff was a pretrial detainee or convicted prisoner, etc.

11. In addition, to the extent that Plaintiff seeks to allege a claim based on a violation of her right to adequate medical care, there are not enough facts to support an inference that Plaintiff's rights were violated in this regard. In order to set forth a cognizable claim for a violation of her right to adequate medical care, an inmate must allege: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003). Plaintiff's cursory assertion that "the medical assistance was not up to par" is insufficient to meet the pleading standard in the absence of additional facts. If she wishes to pursue this claim, Plaintiff should provide additional facts supporting both of the requirements in her amended complaint.

12. Moreover, Plaintiff's claim for prospective injunctive relief must be dismissed as moot. Plaintiff has not stated a request for monetary damages in the complaint; rather, Plaintiff's request for relief seeks: "Plan to help others from exp[eriencing] the same ordeal from happening to them please be advised!" Complaint § V. Plaintiff is no longer incarcerated at

the CCCF, however.[3] Plaintiff therefore lacks standing to seek injunctive relief because she is no longer subject to the allegedly unconstitutional conditions she seeks to challenge. *Abdul-Akbar v. Watson*, 4 F.3d 195, 206-07 (3d Cir. 1993); *Weaver v. Wilcox*, 650 F.2d 22, 27 (3d Cir. 1981).[4]

---

[3] Plaintiff alleges that the events giving rise to her claim occurred from July through October 2016. She filed her complaint on November 7, 2016.

[4] Because Plaintiff seeks a court injunction rather than money damages, the Court further advises Plaintiff that she is one of thousands of members of a certified class in the case on this court's docket entitled, *Dittimus-Bey v. Camden County Correctional Facility*, Civil No. 05-cv-0063 (JBS), which is a class action case. The class plaintiffs are all persons confined at the CCCF, as either pretrial detainees or convicted prisoners, at any time from January 6, 2005, until the present time. The class of plaintiffs seek injunctive and declaratory relief about unconstitutional conditions of confinement at the CCCF involving overcrowding. That class action does not involve money damages for individuals. A proposed final settlement of that case, which describes the settlement in detail, was preliminarily approved on February 22, 2017. At present, various measures already undertaken in the Second and Third Consent Decrees under court approval have reduced the jail population to fewer prisoners than the intended design capacity for the jail. This has greatly reduced or eliminated triple and quadruple bunking in two-person cells, as explained in the proposed Sixth and Final Consent Decree, which would continue those requirements under court supervision for two more years. According to the Notice to all class members that was approved in the *Dittimus-Bey* case on February 22, 2017, any class member can object to the proposed settlement by filing an objection in the *Dittimus-Bey* case before April 24, 2017. A final court hearing is set for May 23, 2017, at which any objections will be considered. If the *Dittimus-Bey* settlement is finally approved after the May 23rd hearing, Plaintiff and other class members will be barred from seeking injunctive or declaratory relief for the period of time from January 6, 2005, until the date of final approval, but the settlement does not bar any individual class member from seeking money damages in an individual case.

13. As Plaintiff may be able to amend her complaint to address the deficiencies noted by the Court, the Court shall grant Plaintiff leave to amend the complaint within 30 days of the date of this order.

14. Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself.[5] *Id.*

15. For the reasons stated above, the complaint is dismissed without prejudice for failure to state a claim. The Court will reopen the matter in the event Plaintiff files an amended complaint within the time allotted by the Court.

---

[5] The amended complaint shall be subject to screening prior to service.

16. An appropriate order follows.

**April 18, 2017**  **s/ Jerome B. Simandle**
Date  JEROME B. SIMANDLE
 Chief U.S. District Judge